By the Court :
The second, third, and fourth errors are not sufficient to reverse the judgment. It appears that the sheriff, to whom the process was directed, died between the test and the return. The coroner was, therefore; the proper person to execute and return it. The statute does not require the proceedings to be had in any particu *234 lar township, but gives jurisdiction to any two justices of the county in which the land is situate, leaving them at liberty to try the cause in any township within the county, as may be most convenient.
The verdict is in these words: “ We, the jury, find the defendant guilty in said suit of forcible entry and detainer.”
The statute directs, that if the jury find the complaint true, “ they shall return a general verdict of guilty, or they shall return a special verdict of such parts as they do find true.”
Perhaps the order in which the jury have placed the words composing their verdict, might be improved, but we think it conforms substantially to the requirements of the statute. It may be taken as a general verdict of guilty, with an unnecessary description of the case in which it is found, or, by transposing a single word, the jury find the defendant in said suit guilty of forcible entry and detainer, or, by rejecting the words “in said suit,” as surplusage, the same result will be produced.
The plaintiff can not avail himself of the fifth error, because there is no law in this state authorizing bystanders to allow or certify bills of exceptions, and if there had been, an allowance by a single bystander, interested in the cause, as was the fact in this case, would not have been sufficient.
But the first error seems to be a fatal one.
The complaint before the justices was “for forcibly entering upon, and detaining possession of, the lower part of a tract of land situate on the bank of the Scioto river, opposite Piketon, the same being patented to the complainant by a patent from the President of the United States, bearing date March 2,1821.”
The complaint is in nature of a declaration. It must give a venue, and must describe the premises with such certainty as will apprise the defendant of what is demanded of him, and as will afford a guide to the sheriff in executing the writ of restitution. In this case, it does not appear in what township or county the land is situate, nor how much of the entire tract is demanded.
The judgment and writ of restitution must pursue the complaint, and, consequently, the sheriff must be directed to restore to the complainant the lower part of a tract of land on the bank of the Scioto river, opposite Piketon. This description forms no guide to the officer; it does not direct him how to find the entire *235 tract, nor what quantity of it he is to restore after it is found. The lower part of a tract, without metes and bounds, or quantity of acres, is too vague *and indefinite. It neither contains certainty, nor the means of arriving at certainty.
Judgment reversed.†

 NoTE by the Editor — Justice can not sign or docket bills of exception in forcible entry or detainer, xvi. 408.
One justice may try in forcible entry and detainer, and in detainer, xli. Ohio L. 78; without a jury, xlii. Ohio L. 4; and if jury demand its fee to be secured by demandant, xliii. Ohio L. 7. Constables may serve process instead of the sheriff, ib. Will not lie by purchasers at tax sales, xliv. Ohio L. 114; xlv. Ohio L. 24; also, at executor’s, administrator’s, and guardian’s sales, xlviii. 34.